# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PATRICK BECK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -vs- | ) Case No. CIV-24-296-F |
| | ) |
| FJ BOWERS, et al., | ) |
| | ) |
| Respondents. | ) |

## **ORDER**

On June 11, 2024, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation (doc. no. 11), recommending petitioner Patrick Beck's Application for Leave to Proceed In Forma Pauperis (doc. no. 6) and Application to Proceed in the District Court Without Prepaying Fees or Costs (doc. no. 8) be denied and that petitioner be ordered to prepay the full $5.00 filing fee for this action to proceed. Magistrate Judge Erwin also recommended that this action be dismissed without prejudice to re-filing unless petitioner pays the $5.00 filing fee in full to the clerk of the court within 20 days of any order adopting the Report and Recommendation.

Petitioner did not file any objection to the Report and Recommendation within the time specified by Magistrate Judge Erwin and did not file any motion for an extension of time to file one. Consequently, the court entered an order (doc. no. 12) on July 15, 2024, adopting the Report and Recommendation of Magistrate Judge Erwin. The court denied Petitioner's Application for Leave to Proceed In Forma Pauperis (doc. no. 6) and Application to Proceed in the District Court Without

Prepaying Fees or Costs (doc. no. 8). The court also ordered petitioner to prepay the full $5.00 filing fee for this action within 20 days from the date of the order. The court advised petitioner that failure to comply shall result in the dismissal of this action without prejudice to re-filing.

The deadline for petitioner to prepay the full $5.00 filing fee has passed. On August 9, 2024, the court clerk received from petitioner a "Request for Reconsideration for Leave In Forma Pauperis." Doc. no. 13. Petitioner states that he is unable to "perform the $5.00 fee and payment as requested by [the] court[.]" *Id*. He states that he is "currently indigent and only ha[s] $0.05 available to [him]." *Id*. It appears that petitioner is requesting the court to reconsider its July 15, 2024 order.

"The Federal Rules of Civil Procedure do not recognize a 'motion for reconsideration.'" Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, 887 F.3d 1003, 1023 (10th Cir. 2018). Nevertheless, the district court has "the inherent power to reconsider its interlocutory rulings before final judgment is entered." *Id*. (quotation marks and citation omitted). And, in doing so, the district court "is not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b)[.]" *Id*. at 1024 (quotation marks and citation omitted).

While the court has the inherent power to reconsider its July 15, 2024 order, the court declines to do so. The Report and Recommendation issued by Magistrate Judge Erwin advised petitioner of his right to file an objection to the Report and Recommendation by June 28, 2024. It also specifically warned petitioner that failure to make timely objection waives the right to appellate review of the factual and legal issues addressed, citing Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010). Despite this warning, petitioner did not file any objection to the Report and Recommendation. And in his filing, petitioner does not offer any explanation as to

why he did not file any objection to the Report and Recommendation. Although petitioner asserts that he only has "$0.05" available to him, petitioner has not presented any affidavit, declaration or other evidence to support that assertion. Further, petitioner has not demonstrated that Magistrate Judge Erwin's Report and Recommendation or this court's order was in clear error. For these reasons, the court concludes that petitioner's request for reconsideration should be denied.

Because petitioner has not complied with the court's July 15, 2024 order to prepay the full $5.00 filing fee within 20 days, the court also concludes that this action should be dismissed without prejudice to re-filing.

Accordingly, the above-entitled action is **DISMISSED WITHOUT PREJUDICE** to re-filing.

DATED this 13th day of August, 2024.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

24-0296p003.docx